IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

TONY L. HARMON,

   Petitioner,    :  Case No. 2:21-cv-2745

 - vs -          District Judge Michael H. Watson
               Magistrate Judge Michael R. Merz

WARDEN,
 Lebanon Correctional Institution,

               :
   Respondent.

## ORDER DENYING CONSIDERATION OF UNTIMELY OBJECTIONS

This habeas corpus case is before the Court on Petitioner's "Motion by Leave of Court to Move the Court to Consider Petitioner's Objection to R&R" (ECF No. 15).

On September 24, 2021, the Court granted Petitioner's request to extend his time to object to the Report and Recommendations to and including October 10, 2021 (ECF Nos. 9 & 10). Petitioner claims that, instead of filing Objections on October 10, 2021, he filed (by depositing in the prison mail system) another motion for extension to which he admits he has never received a response (ECF No. 15, PageID 783). He presumed it had been granted and therefore presumed his Objections were timely when they were mailed on October 19, 2021. *Id.*

The prison mailbox rule of *Houston v. Lack,* 487 U.S. 266 (1988), depends on a court's eventually receiving the mailing. Harmon's October 10, 2021, motion for a further extension of time has never been received by the Court. Here Harmon claims he mailed the request for

1

extension on the very day the objections were due, October 10, 2021.  A litigant who waits until the last day of an extension to ask for a further extension and then presumes it has been granted, presumes too much.  If the Court had denied the extension, Petitioner would still have been barred from filing his objections later.  Petitioner has not suggested the Court was under an obligation to grant the extension; he has not even advised why he thinks he was entitled to the extension.

The decision to grant or deny a motion for continuance of a deadline lies within the sound discretion of the trial court and cannot be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable.  *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).  Surely it is not an abuse of discretion to deny a request that has never been received.

Because of problems with the delivery of mail, this Court usually waits for a week after objections are due to proceed to judgment.  In this case the Court waited nine days before entering judgment.  When the Objections eventually were received on November 1, 2021, they contained no certificates of service or of deposit in the prison mail system.

As the Court noted in striking the Objections as untimely, once judgment is entered, a litigant can move to amend the judgment under Fed.R.Civ.P. 59(e) for up to twenty-eights days after judgment.  In this case that date is November 16, 2021, and the Court has no authority to extend it.

November 5, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

2